TayloR, C. J.
I have no doubt that the Plaintiff derived title to all three of the tracts óf fand, under the deed to Ellison. Had the exception of the grave-yard been connected with the part of the deed describing the forty-five acre tract, no difficulty could have arisen as to the true construction ; for it would then have corresponded with the office of an exception, and have been a saving out of the deed Us to the; thing granted. The ambiguity «terns to have arisen from M1-Swain's supposing that the grave-yard belonged to the 200 acre tract; he seems also to have thought that the plantation and orchard were on the same tract; the houses too, he conveys as part of the 200 acre tract, but afterwards describes them as belonging to the 45 acre tract. : Jt is decisive that the 45 acre tract was granted, and not intended to be excepted ; that M^Swain describes it as lying in front of the 200 acre tract. This repels every supposition that he might have thought it part of the other tract, and have believed it hecessary to guard against its passing by inserting an exception. It not only could not pass by the words conveying the first tract, but it is impossible that M'mSwain could have entertained such, a belief. It was therefore altogether idle to have excepted it or the fifty acre tract. Upon the ground of intention, therefore, I think the two Small tracts were conyeyed as well as the large one. ;
But even if M^Swain had intended to reserve the two small tracts, I think it may well be doubted whether the exceptions, expressed as they are, would not have been Void. He conveys the houses, plantation, and orchards, in the most express terms'in describing the 200 acre tract. Jfhe houses and orchard, it appears, are not on that trat(, *175 |j.ut on the forty-five acre one ; but' the plantation is on all three. The exception then, if it were to be sustained, would go, as to the houses and orchard, to the whole thing granted. What proportion of the plantation is in the two small tracts, does not appear. Now it is a clear rule of law, that if an exception is repugnant to the grant and take away the fruit of it, it is void. If one grant his meadow and pasture lands, except his meadow lands, the «xception is void. So if one grant two acres, excepting one of them, it is void.*
I therefore think there ought to be a new trial.
Ruffin, J.
The Plaintiff contends, that all the land jnentioned in the deed passed thereby, except the grave-, yard ; and the ^Defendant insists, that the tracts of forty-five acres and fifty acres are excepted. The deed is very inartificially drawn and obscurely worded. But that ought not to make any difference, if the intention of the parties pan be discovered. That forms the true rule of construction of deeds as well as other instruments. And it appears to me, that the meaning of these parties is very obvious. M'Swain owned the three tracts of land described.in the deed. They adjoined each other; and his cultivated land included parts of all of ⅞⅜⅜⅛ file resided on the forty-five acre tract, where his houses and buildings and orchard were situate. In the deed he conveys (in terms of general description) his '■'•plantation whereon he then dwelt, together with the houses and buildings, all orchards, &c. thereunto belonging.” He then proceeds, in,a more particular manner, to describe the lands,—and says, “ It is part of a patent to Miiines, containing 200 acresand sets forth the boundaries. Then follows a clause in these words,—“ One half acre pf land where fm grave-vard is, which is at the end of kny garden, is extep - d. Together with” &c.—-And here it is said, for the Defendant, that the \rord together, couples the forty-five acres with the grave-yard, and cor.se- *176 qpently, includes them in the exception. It is to he re? co]}ecteg} that the grave-yard is not on the Mtimes patent, but on the small tract. Then-, I ask, Why except the graveyard, if nothing more was to be conveyed but the Mítines patent ? Again ; If the ‘whole of the forty five acres were to be retained, Why specially except the half acre, which formed a part of that tract P Moreover, he describes the forty-five acres as the parcel on -which the houses stand ; and it appears in evidence that the orchard is also there. The first general description' expressly includes them. That surely would not have been the case, if they were not situate on a part of the land intended ultimately to pass by that deed, but on another tract, which was to be entirely excepted. From these circumstances, I am very' clear, that the second tract is conveyed; and if so, the third also.
Wherefore, I am for a new trial.
The. other Judges concurred.*

 Shepp Touch. 77.